OPINION
Defendant Nationwide Mutual Fire Insurance Company appeals a declaratory judgment of the Court of Appeals of Muskingum County, Ohio, which held a homeowner's insurance policy issued by appellant provided underinsured motorists coverage to plaintiffs Etta V. and Charles Henry by operation of law. Appellants assign two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT ERRED IN APPLYING UIM COVERAGE SINCE THE HOMEOWNER'S INSURANCE POLICY ISSUED BY APPELLANT IS NOT AN AUTOMOBILE LIABILITY POLICY.
 ASSIGNMENT OF ERROR NO. 2 ASSUMING ARGUENDO THAT APPELLEES DO HAVE A VALID CLAIM FOR UIM UNDER THE HOMEOWNER'S POLICY, THE TRIAL COURT ERRED IN FAILING TO SET OFF THE TORTFEASOR'S LIABILITY COVERAGE.
The parties agree appellee Etta V. Henry was injured while she was a passenger in a vehicle driven by the tortfeasor, Bernice White. The tortfeasor had an automobile liability policy with limits of $12,500 per person and $25,000 per accident. There were multiple claimants, and appellee received $6,250 from the tortfeasor's policy. Appellee also received $18,750 in uninsured motorist coverage from her own automobile insurance policy with another insurance company.
Appellees then sought additional coverage from appellant under their homeowner's policy. Appellant rejected the claim and appellees brought this declaratory judgment action.
The trial court entered judgment for appellees on January 19, 2001, finding the Nationwide policy was an automobile insurance policy, because it provided limited liability for injuries sustained in a motor vehicle to a residence employee. The trial court concluded the uninsured motorist coverage was provided by operation of law. Finally, the court determined appellant was not entitled to a setoff from the tortfeasor's coverage, citing our opinion in Myers v. Safeco Insurance Company of America
(February 20, 2000), Licking Appellate No. 99-CA-00083, unreported.
 I
Appellant first challenges the court's determination that the homeowner's insurance is required by law to offer uninsured and underinsured motorist coverage. We note at the outset the trial court's decision was entered in January of 2001, and thus, it did not have the benefit of the Supreme Court's decision in Davidson v. Motorists MutualInsurance Company (2001), 91 Ohio St.3d 262, which was decided April 11, 2001. Nor did the trial court have access to our decisions in Pillo v.Stricklin (February 5, 2001), Stark App. No. 2000CA00201, unreported, andJones v. Nationwide Insurance Company (July 23, 2001), Stark Appellate No. 2001CA00329, unreported.
In Davidson, supra, the Supreme Court held:
 A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration and that are not intended to be used on a public highway is not a motor vehicle liability policy and is not subject to the requirement of former R.C. 3937.18 to offer uninsured and underinsured motorist coverage. Syllabus by the court.
In Davidson, the Supreme Court reviewed a homeowner's policy which contained coverage under some circumstances for certain kinds of trailers, off-road recreational use vehicles, motorized golf carts, and vehicles not subject to motor vehicle registration such as devices to assist persons with disabilities or vehicles in storage. Although the policy in Davidson also contained a residence employee exclusion, which offers protection against liability to employees with injuries occurring in the course of their employment and arising out of the use of a motor vehicle, the Supreme Court did not discuss this issue because it had not been raised in the lower courts, Davidson at 716.
The Davidson court discussed its earlier case of Selander v. ErieInsurance Group (1999), 85 Ohio St. 3541, which held where motor vehicle liability coverage is provided even in limited form, the Revised Code requires uninsured/underinsured motorist coverage be provided, Selander
at 544, citations deleted. The Supreme Court found, however, that certain appellate decisions had read Selander too broadly to extend uninsured/underinsured motorist coverage where none is required. The Supreme Court explained when the policy at issue is a homeowner's policy that does not include coverage for liability arising out of the use of motor vehicles generally, but provides incidental coverage to a narrow class of vehicles, then R.C. 3937.18 does not apply, Davidson at 267.
In Jones, supra, this court reviewed an argument there should be coverage for a motorcycle under a homeowner's policy because, interalia, the policy provided a residence employee provision. This court, citing our previous ruling in Pillo, supra, rejected the argument the residence employee provision alone was sufficient to invoke the requirements of R.C. 3937.18.
Here, the policy provided limited liability for injuries to a residence employee as sustained in a motor vehicle. We find, pursuant to Davidson,supra, and our earlier decisions cited above, that R.C.3937.18 does not apply to this homeowner's policy.
Because we reach this decision, we need not address whether the policy could service as proof of financial responsibility, nor do we reach the issue of whether to apply the Supreme Court's decision in Wolfe v. Wolfe
(2000), 88 Ohio St.3d 246.
The first assignment of error is sustained.
In light of our holding in I, supra, we find appellant's assignment of error II, dealing with the right to setoff, is moot.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded to that court further proceedings in accord with law and consistent with this opinion. Costs to appellee.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.